## D. J. Davis v. H. L. Davis.

**Planting Partnership — Accounting — Tenants in Common.**

In a bill filed by a member of a planting partnership against his partner praying for an accounting, the complainant cannot, as tenant in common of the lands, recover from his partner one-half, or any other portion of the crops received by the firm, for the reason that the firm was authorized to receive them; and what portion of the proceeds belonged to complainant can only be determined upon a settlement of the partnership accounts. Complainant's rights as to these crops are determinable by his rights as partner, and not as tenants in common.

In such case where the bill failed to allege that the lands cultivated by defendant, or rented by him, exceeded his proportion of the common lands, the bill cannot be maintained as that of one tenant in common against another as to rents received after termination of partnership.

**Pleadings — Answer — Statute of Limitations — Res Adjudicata.**

Where answer interposes, among other defenses, that of the Statute of Limitations, a decree dismissing the bill generally is error, for such a decree might be held as *res adjudicata* in another suit. The dismissal should have been without prejudice.

Bill of complaint by D. J. Davis against Hugh L. Davis praying for an accounting of their planting partnership, extending from 1876 to 1881.

From a final decree dismissing the bill and taxing complainant with costs, there was an appeal to the Supreme Court.

The opinion sufficiently states the case.

Appealed from the Chancery Court, Wilkinson county, Lauch McLaurin, Chancellor.

Reversed for the purpose of dismissing the bill without prejudice.

Appellant taxed with costs of court and court below.

*Attorney for appellant, C. P. Neilson.*

*Attorney for appellee, Hugh L. Davis.*

Brief of C. P. Neilson:

The Statute of Limitations is no defense to this action as made out by bill and answer. Sections 2670, 2671, Code of 1880, do not apply. Even did they apply, the plea was informal and insufficient, and should have been stricken out. The section of the

Code applicable to the case at bar is 2696. Templeton *v.* Thompkins, 45 Miss. 424. * * *

The cause was set down for hearing by the defendant on bill, answer, exhibits, and depositions. The bill was sworn to, its allegations and statements fully made out, and the claim against defendant for the sum of $2,292.50. Some of these allegations were as positively denied by the sworn answer, others were admitted and sought to be avoided by bar of limitation and award. * * *

Brief of Hugh L. Davis:

The bill in this case is a little peculiar. It is simply a declaration in *assumpsit* for the use and occupation of lands of the complainant and for the rent of mules and the proceeds of the sale of mules and of the value of the mules. * * *

The case is before the court upon the bill and exhibit, the answer and exhibits, the deposition of the complainant, and a settling as to whether there shall be an accounting. * * *

The sole question presented at the hearing was, shall there be an accounting on the showing made. To warrant a decree ordering an account to be gone into, there should be shown a previous and *probable* indebtedness. Hunt *v.* Gordon, 52 Miss. 194.

The bilæl should show a title or right in the complainant and a liability in the defendant. 2 Bouvier's Institutes, § 3931. * * *

The bill states that there was a partnership formed. The complainant's deposition contains the same statement; as to the extent of the partnership they differ; the proofs do not correspond with the allegations. The answer denies the partnership as it is alleged in the bill. The answer is evidence. If complainant had desired that it should not be he should have waived an answer under oath. * * *

Again the answer sets up the Statute of Limitations to the partnership accounting. The defense is a good one and the bar complete. The bill alleges a dissolution of the alleged firm in January, 1881; the bill was filed in July, 1885.

Over four years have elapsed from the filing of the bill to the dissolution of the alleged firm. Sections 2670, 2671 are a complete bar. The statute began to run from the day of dissolution. § 2671, Code 1880; 2 Lindley on Partnership, 966, 967 (margin).

Partnership accounts are included in the Statute of Limitations. The time formerly required to bar them was six years; they came within the exception of merchants' accounts. We make now no distinction. Section 2670 governs all cases of accounts and all verbal agreements or rights accruing under verbal agreements or contracts. Prewit v. Buckingham, 28 Miss. 92; Forman v. Brooks, 9 Pick. (Mass.) 241, 242; Angell on Limitations, § 69.

Time same in equity as at law, jurisdiction concurrent. Code 1880, § 2695; Wood on Limitations, § 58.  *  *  *

OPINION.— COOPER, C. J., delivered the opinion of the court:

The bill in this case charges that a partnership was formed between the complainant and defendant in the year 1876 for the purpose of conducting a planting business upon certain lands owned by the partners as tenants in common; that the firm was dissolved in 1881 and that the defendant continued to rent or cultivate the common lands during the years 1881, 1882, 1883, and 1884, using in the cultivation of the place certain personal. property belonging to the firm, and also that the defendant had sold a large portion of the personalty, converting the proceeds to his own use.

There is no allegation in the bill that there were no firm debts contracted and paid from the proceeds of the crops grown during the partnership, the only allegation being that there are now no firm debts.

The complainant sets forth in detail the quantities of crops raised or received as rents by the firm during the term of partnership from the lands held by the partners as tenants in common, and its object seemed to be to compel the defendant to pay over to the complainant one-half of these crops. There is no prayer for a partnership account; on the contrary, the evident purpose is to recover one-half of all the crops which have been received by the firm because the complainant was tenant in common of the lands on which the partnership business was conducted, and then to recover from the defendant one-half of the crops raised by him since the dissolution of the firm on the ground that he was bailiff to the complainant.

The bill was not maintained as one to settle partnership accounts because it was manifestly not filed for that purpose. The complainant cannot, as tenant in common of the lands, recover from his partner one-half, or any other portion of the crops received by the firm, for the reason that the firm was authorized to

receive them and what portion of the proceeds belonged to complainant can only be determined upon a settlement of the partnership accounts. His rights as to these crops are determinable by his rights as partner and not as tenant in common. Nor can the bill be maintained as that of one tenant in common against another as to the rents received after the termination of the partnership, because there is no allegation in the bill that the lands cultivated by the defendant or rented by him exceeded his proportion of the common lands. For these reasons the bill was properly dismissed. But since it appears that the defendant interposed, among other defenses, that of the Statute of Limitations, a decree dismissing the bill generally might be held as *res adjudicata* in another suit. We think the dismissal should have been without prejudice.

The decree will be reversed only for the purpose of so dismissing the bill. The costs of this court and the court below to be paid by the appellant.